IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CABINET RESOURCE GROUP, CLARK FORK COALITION, EARTHWORKS, MONTANA ENVIRONMENTAL INFORMATION CENTER, SAVE OUR CABINETS, and YAAK VALLEY FOREST COUNCIL,<br><br>                Plaintiffs,<br><br>      vs.<br><br><br>U.S. FOREST SERVICE; TOM SCHULTZ, Chief of the U.S. Forest Service; U.S. FISH AND WILDLIFE SERVICE; BRIAN NESVIK, Director of the U.S. Fish and Wildlife Service,<br><br><br><br>                Defendants. | CV 26-56-M- KLD<br><br><br><br>ORDER |

Montanore Minerals Corporation ("Montanore") has filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). (Doc. 8). Plaintiffs and Federal Defendants have stated that they take no position on the motion. (Doc. 8 at 2).

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden

1

of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *DBSI/TRI IV Ltd. Partnership v. United States,* 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This

2

case is in its earliest stages, and there is no indication that allowing Montanore to intervene will prejudice the existing parties. Montanore moved to intervene without delay, and its motion is thus timely. Plaintiffs seek to vacate and set aside the Forest Service's decision notice approving Montanore's Libby Exploration Project. As detailed in its supporting brief, Montanore has a significant protectable economic interest that may be impaired as a result of this litigation because they are the proponent and owner of the Libby Exploration Project and have already incurred expenses related to the Project. Finally, Montanore has shown that the Federal Defendants' representation of Montanore's protectable interest may be inadequate because the Federal Defendants' interests are more focused on the broad public interest than on Montanore's economic interests in relation to the Libby Exploration Project.

Because Montanore satisfies the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that Montanore's motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) is GRANTED.[1] The Clerk of Court is directed to

---

[1] "A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)." *United States v. Marsten Apartments, Inc.* 175 F.R.D. 265, 267 n. 1 (E.D. Mich. 1997). See also *Robert Ito Farm, Inc. v. City of Maui*, 2015 WL 134070, at *2 (D. Haw.

add Montanore Minerals Corporation as a Defendant-Intervenor, and the case caption shall be modified accordingly.

IT IS FURTHER ORDERED that Montanore shall refile the Proposed Answer (Doc. 8-1) attached to its motion to intervene.

DATED this 18th day of June, 2026.

_____
Kathleen L. DeSoto
United States Magistrate Judge

Jan 9. 2015); *United States v. Brooks*, 163 F.R.D. 601 (D. Or. 1995).